IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOFEI MOURAVEIKO,

        Plaintiff,

    v.

LILE INTERNATIONAL COMPANIES,
an Oregon Corporation, and SCHWABE,
WILLIAMSON AND WYATT PC,
an Oregon Corporation,

        Defendants.

Case No. 3:25-cv-02393-YY

ORDER

**BAGGIO, District Judge:**

Magistrate Judge You issued a Findings and Recommendation on December 29, 2025, in which she recommends that this Court dismiss Plaintiff's Complaint with prejudice and deny Plaintiff's Motion for Temporary Restraining Order as moot. F&R 9, ECF No. 12. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 – ORDER

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl.'s Obj., ECF No. 15. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Plaintiff's objections and concludes the following. First, the Court finds that Judge You erred in not addressing *Rooker-Feldman* as a threshold matter of the Court's subject matter jurisdiction. *See* F&R 6–7. "Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). In addition, Courts "have an independent obligation to determine whether subject-matter jurisdiction exists," and "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Thus, the Court finds that Judge You should have addressed *Rooker-Feldman* before addressing the merits of Plaintiff's claims.

Second, the Court disagrees with Judge You's *Rooker-Feldman* analysis. Here, Judge You found that *Rooker-Feldman* "requires dismissal of [P]laintiff's claims against [Defendants]"—i.e., Plaintiff's 42 U.S.C. § 1983 claims. F&R 7; *see also* Compl. 11–18, ECF No. 1 (referencing Plaintiff's § 1983 claims against "All Defendants"). Judge You specifically found that Plaintiff's § 1983 claims were "*intextricably intertwined* with a state court judgment and ongoing state court proceedings such that adjudicating the issues would undercut state court rulings." F&R 7 (emphasis added). But as the Ninth Circuit has held, "[t]he 'inextricably

2 – ORDER

intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). Thus, the Court finds that Judge You should have first analyzed whether Plaintiff's § 1983 claims were forbidden de facto appeals before turning to the inextricably intertwined test. *See Noel*, 341 F.3d at 1158 ("The federal suit is not a forbidden de facto appeal because it is 'inextricably intertwined' with something. Rather, it is simply a forbidden de facto appeal. Only when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play: Once a federal plaintiff seeks to bring a forbidden de facto appeal, as in *Feldman*, that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought.").

In determining whether Plaintiff's § 1983 claims are forbidden de facto appeals, the Court finds they are not. Plaintiff's § 1983 claims, instead, allege unlawful acts by Defendants, including failing to accept cash payment of the IPCopper, Inc. judgment and filing a Writ of Execution with incorrect information. *See* Compl. 12, 15. To be sure, Plaintiff only seeks declaratory, injunctive, and monetary relief relating to Defendants' unlawful conduct; Plaintiff does not seek relief from the Writ of Execution itself. *See id.* at 18–19; *see also Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1151–52 (9th Cir. 2025) (holding that the plaintiffs' complaint did not contravene *Rooker-Feldman* because it alleged as legal wrongs the acts of the defendants rather than the state court's decisions). For these reasons, the Court finds that Plaintiff's § 1983 claims are not barred under *Rooker*-*Feldman* as forbidden de facto appeals. Accordingly, the Court has subject matter jurisdiction over these claims.

3 – ORDER

Third, the Court disagrees with Judge You's sua sponte dismissal of Plaintiff's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *See* F&R 2 (citing the in forma pauperis ("IFP") screening requirement under 28 U.S.C. § 1915(e)(2)(B)(ii) as the basis to dismiss Plaintiff's Complaint). As numerous courts have held, § 1915 applies only to litigants proceeding IFP. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.10 (3d Cir. 2002) ("Although the language of § 1915(e)(2) does not expressly limit the provision's reach to [IFP] claims, we believe Congress intended it to be so limited."); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) ("[W]e hold that § 1915(e)(2) applies only to [IFP] proceedings."); *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (holding that § 1915(e)(2) was not applicable where the plaintiff "did not proceed under the IFP scheme, but paid the full filing fee at the outset"); *Jackson v. Tampkins*, No. 5:18-cv-01974-FLA-JC, 2024 WL 3280898, at *3 n.4 (C.D. Cal. June 6, 2024) (finding the screening requirements of § 1915(e)(2)(B) did not apply because the plaintiff paid the filing fee and was not proceeding IFP), *report and recommendation adopted*, No. 5:18-cv-01974-FLA (JC), 2024 WL 3277368 (C.D. Cal. July 1, 2024), *aff'd*, No. 24-4272, 2025 WL 2731538 (9th Cir. Sept. 25, 2025); *Baldhosky v. California*, No. 1:14-cv-00166-LJO-MJS (PC), 2018 WL 1407103, at *3 (E.D. Cal. Mar. 21, 2018) (concluding that § 1915(e)(2)(B) did not provide authority for sua sponte screening of the plaintiff's complaint because he was not proceeding IFP). *But see Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing § 1915(e)(2)(B) and finding that "district courts have the power to screen complaints filed by all litigants, . . . regardless of fee status"). And though the Ninth Circuit has not expressly resolved this question, this Court finds the majority of cases persuasive. Accordingly, the Court declines to adopt Judge You's sua sponte dismissal of Plaintiff's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff is not proceeding IFP.

4 – ORDER

Nevertheless, because district courts have "the inherent authority to dismiss frivolous actions[,]" the Court finds Judge You's sua sponte dismissal for failure to state a claim permissible. *Damjanovic v. Ambrose*, 991 F.2d 803, 803 (9th Cir. 1993); *see also Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim . . . ."). Generally, a district court "must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion . . . ." *Wong*, 642 F.2d at 361 (internal quotation marks omitted). However, notice and an opportunity to respond is not necessary if the plaintiff "cannot possibly win relief . . . ." *Id.* at 362. Here, and for the below reasons, because Plaintiff cannot possibly win relief, the Court finds that Judge You did not err in dismissing Plaintiff's Complaint sua sponte without giving Plaintiff notice and an opportunity to respond.

As to Plaintiff's § 1983 claims, the Court agrees with Judge You that Plaintiff fails to state a claim because Plaintiff does not allege Defendants acted under color of law. *See* F&R 3–4. Indeed, the Supreme Court has stated that "mere invocation of state legal procedures" is insufficient to constitute action under color of law. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 n.21 (1982) (internal quotation marks omitted); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("Invoking state legal procedures does not constitute joint participation or conspiracy with state officials sufficient to satisfy section 1983's state action requirement." (internal quotation marks omitted)); *Padilla v. Sovereign Bank*, No. CV 19-10753-JFW(AGRx), 2020 WL 5507548, at *4 (C.D. Cal. Aug. 13, 2020) (holding that allegations regarding the defendant's misuse of a post-judgment procedure to satisfy a judgment, and the sheriff department's performance of statutory duties under the relevant post-judgment

5 – ORDER

procedures, were insufficient to demonstrate that the defendant acted under color of law). Here, Plaintiff alleges that Defendants filed for a Writ of Execution in Multnomah County Circuit Court seeking to seize Plaintiff's intangible property to satisfy the IPCopper, Inc. judgment. Compl. 2. Plaintiff further alleges Defendants filed the Writ of Execution "knowing that the information contained within . . . was incorrect." *Id.* at 15. Even taking these allegations as true, the Court finds they are insufficient to establish that Defendants acted under color of law. Like *Padilla*, Plaintiff's allegations establish that Defendants, at most, "misused one of [Oregon's] post-judgment procedures in its attempt to satisfy its judgment against [Plaintiff]." 2020 WL 5507548, at *4. Such allegations are insufficient to demonstrate Defendants acted under color of law. Accordingly, the Court agrees with Judge You that Plaintiff's § 1983 claims should be dismissed for failure to state a claim. The Court also agrees with Judge You that such claims should be dismissed with prejudice because "it is absolutely clear that no amendment can cure th[is] defect . . . ." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

As to Plaintiff's claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, the Court agrees with Judge You that Plaintiff fails to state a claim because Defendant Schwabe's law office is not a place of public accommodation. *See* F&R 7–9; *see also* 42 U.S.C. § 2000a(b). Plaintiff presents no contrary authority in his Objections but instead appears to seek leave to amend to add a claim under Oregon's counterpart public accommodations law, Oregon Revised Statute § 659A.403. The Court finds this Objection does not warrant de novo review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Accordingly, the Court adopts Judge You's dismissal of Plaintiff's § 2000a claim with prejudice.

6 – ORDER

## CONCLUSION

The Court ADOPTS in part Magistrate Judge You's Findings and Recommendation [12].

Accordingly, Plaintiff's Complaint [1] is DISMISSED with prejudice. All pending motions are

DENIED as moot, including Plaintiff's Motion for Temporary Restraining Order [5] and

Plaintiff's Second Motion for Temporary Restraining Order [22].

IT IS SO ORDERED.

DATED this  26th  day of May, 2026.

_____
AMY M. BAGGIO
United States District Judge

7 – ORDER